Case No. 19-1733, USA v. Curtis Scott. Argument not to exceed 15 minutes per side. Mr. Shadd, you may proceed for the appellant. Thank you. May it please the Court, I'm here this morning representing Curtis Scott, and I believe I've saved four minutes for rebuttal if I may. Your Honors, I'd like to address one of the issues that I raised in my brief, and I would leave the balance to the briefs that I filed in this case. And issue which I'd like to bring before the Court's attention is my issue No. 1, which is that the defense in this case requested a jury instruction with regards to the 924C count that should have been given to the jury. And as a result of that, I don't think the jury got a full look at the different options that they had under 924C to convict. So in this case, the government chose to indict the 924C, citing all three alternative elements, possession and brandishing and discharge. And of course, the indictment alleges that those in the conjunctive, but as this Court has said over and over again, when you indict in the conjunctive, when you give an instruction, the jury gets an instruction in the disjunctive, so they become not ands, but they become ors. So the defense in this case asked that the jury be instructed just that, that the defendant, that the jury be charged whether he possessed or brandished or discharged the firearm. The judge did not give that instruction as requested. Instead, the judge set up this kind of bifurcated system for this count, where the jury was first to find whether or not he was guilty of possession. And then once he was found to be guilty of possession, then there was this special inquiry or special interrogatory in the jury verdict form as to whether or not once he was found guilty, then was the jury discharged or was the gun discharged and or was the gun brandished. The jury in this case found... What's the harm here? I don't, I'm not, I guess I've always been a little puzzled by this argument. So I mean, yeah, go ahead. Yeah, so the harm here is that the defense doesn't believe that the jury fully understood that these were ors, that these were, that the jury could do one or the other or the other. And the facts that kind of support the jury confusion on this is that special jury verdict form itself, because, Aileen tells us that these are different elements, they're different alternative elements contained within 924C. So you only, if there's one count of conviction under 924C, a defendant really can only be convicted under one of those alternative elements, not all three. In this case, there's sort of a jury finding because of these interrogatories that all three, he's guilty of all three different versions of the offense under the same panel, because the jury actually found him guilty of possession. And then they answered yes as to the other two alternative elements as well. And so, I mean, but he was indicted, the indictment said that by way of aiding and abetting, he did intentionally carry brandish and discharge a firearm, right? I mean, that's the charge conduct. And so you can't, the brandishing and the discharging can't happen without possession, right? So, I mean, why isn't it just logically fair or sort of saving the jury's time to say, you only have to answer brandish and discharge if you find that he possessed? Well, because the way that it's constructed, I don't think it's clear that the jury could understood that they could stop at possession. Because the way it's written is that if you find that he possessed it, now you must go on to these other two interrogatories. But it was yes or no. I mean, they weren't required to say he did either of those things. Well, that is true. But in this case, the jury actually found yes on both of them, which they really couldn't have or shouldn't have because they're all alternative elements. So in other words, in this case, you have a jury verdict form that finds Mr. Scott guilty of a point case that I cited to my brief says that those should have been in the disjunctive, whenever something is charged in the conjunctive and its alternative elements, you actually, when you get to the jury instructions, you go to the disjunctive. And so that's the concern that the defense has, is that the jury in this case, wouldn't have been led to stop merely at possession at that point. And in fact, to the scienter element of it, the way the jury verdict form reads, it's simply, okay, now that you found that he possessed it, if the firearm was discharged even accidentally, then fine, yes. And then if the firearm was brandished, fine, yes. But not that the defendant participated in maybe the larger version of the offense. In other words, because it's an aiding and abetting charge, the jury could have made a determination that, well, he was involved in the carjacking. He knew that they were gonna have a weapon on him, but he probably didn't buy into either discharge or brandishing. The jury could have found them, but that's not how this particular jury instruction and jury verdict form was constructed. Instead, it was just this, once you get here, now all you have to find out is what happened with the firearm. Well, it's not an element, though, that he has to have known that it was going to be discharged. As long as he bought into the general scheme, he could be convicted of what happened. Well, Your Honor, I do argue in, I believe it's like argument number five of my brief, that in case from the Supreme Court on 924C, that in fact, he does have to have had some scienter that it was discharged. But I recognize that there's case law from this circuit that holds directly against that point. But I did make that argument in my brief to preserve it for further review. Correct. But I do recognize you are correct. Under this court's current case law, he does not have to have known that it was going to be discharged. But again, this is an aiding and abetting case, not a direct possession case. So the Rosamond case out of the Supreme Court says that he does have to join the venture in some way, right? Not only joined it, he created it. Well, absolutely, Your Honor. But I mean, doesn't Judge Guy's point mean that the instruction was all the more appropriate here? Well, it's so the instruction under the case law that came obviously after the trial in this case, because the trial occurred a while ago and occurred before this most recent case law. It is probably not wrong as to the discharge. But again, the jury wouldn't have been compelled under the way this jury verdict form was constructed to merely stop a possession. As a matter of fact, the jury verdict form, if you look at its page ID 743, it instructs them to basically go on. As soon as you find he's guilty, go on to these two. And there's not really a fair you can stop here because, again, let's say that the government would have indicted him on brandishing or discharge because they could have done that because that's a proper 924 seat count is just discharging the firearm, aiding and abetting. Then the jury instruction form would have been very clear in that you had to find that he aided and abetted in the discharge of the fire. But they didn't. They chose to go for all three alternative elements. Tell me if I'm making a dumb mistake. But I mean, so is part of the problem, in your view, that do you think the government charged him with three offenses in a single count? Well, they it's not it. They were it was the jury. The charge itself was not improper because the charge can make a claim in the alternative. In other words, the government didn't. It said and right. Well, yeah, but I will concede that under the point in this court's case precedent and means or by the time you get to the jury, that's that's what this court has said in other cases. So the fact that they said and in the in the indictment is kind of not anything that I can hang my hat on. But what I can hang my hat on is this court's case law that says once you get to the jury, it and becomes or and then we're entitled to an instruction that says or not. What's the case that says, you know, and means or it's United States versus LaPointe. OK, that's fine. I did in my brief. Oh, that's good. OK. So unless there are any further questions, I would leave the balance my time to my rebuttal. All right. We'll hear from the government, Ms. Brown. Good morning, your honors. My name is Eaton Brown, and I'm appearing on behalf of the United States in this matter. I want to begin with one of the questions that you asked Judge Petlage early on, which is what is the harm? And there really is no harm in this case. Council is correct that and does become or when you get to the jury, except that in this case, this is a lesser included offense situation. So what you have is the use and carry and then the alternative options are the brandish and the discharge, which are lesser included offenses of the use and carry. So for the court to have instructed use and carry or brandishing or discharge would not have been accurate because these are not mutually exclusive options. Which ones are lesser included again? And which one is sort of the mothership here? So the mothership, if we're going from least to greatest, would be the use and carry and then lesser included of those are brandishing and discharge with brandishing and discharge not being lessers of each other. OK, of one another. So you could find brandish without finding discharge or even I suppose vice versa. One could you can imagine a scenario where a defendant discharges without brandishing, but you can't find those two without first finding use and carry, which is why I'm sorry. Well, the jury here said yes to both use and brandishing, right? Correct. Correct. So did they basically find him, find the elements of two offenses met, but he only has one conviction? Is that part of the strangeness here? No, I think to counsel's point, I don't think that there's anything untoward about how it was charged. I think that these are just the enhanced penalties that go along with the 924 C. And so and and in fact, the instructions and the verdict form mirrored that. So you had what it was very explicit in the jury instructions that if you find the defendant not guilty, you do not move on to the interrogatory. So contrary to counsel's point, I think there was no confusion. It was very clear you do not move on to the interrogatories unless you find that the defendant aided and abetted the use and carry. What is his 924 C conviction exactly like the provision? Do you mean that the like in the criminal judgment he has a conviction for something under 924 C as a result of all this? Correct. And I guess my question is, so what are the, you know, what subsection? Does it just say 924 C or or what does it say? Right. If it's C1A, I, I would have to. I mean, which I mean, there are two different offenses, as you point out, bandaging and discharge, right? Well, one offense, correct, with two higher levels of liability. But those are elements, right? So it's kind of. Okay, well, that's all right. Maybe it's not worth getting into. So just go ahead. Okay, but I would agree with the court that those are need to be presented as elements, which is why the government presented the special verdict form to the to the jury. And as to counsel's point that the yes, the fact that the jury marked yes, as to both brandishing and confusion, I would argue that perhaps it's evidence of the clarity and the of the evidence that the jury was presented and not necessarily that they were confused. If the court does not have further questions on this issue, we'd ask to affirm the judgment, unless there are other issues which the court would like to address at this time. All right. Thank you very much. And we'll take rebuttal if there is any. Very briefly, Your Honor. So just a couple of issues. So I respectfully disagree with opposing counsel in terms of brandishing and discharge being lesser included. They're actually greater offenses, they carry more time, and they require something over and above the base offense. So they're greater offenses, not lesser included offenses. I don't think it makes a functional difference. But again, it allows the jury to, to use its discretion to define the defendant guilty of something less than the highest form of the offense, if it so chooses, if they're separated out as oars. The second thing I would just point out is that in their brief, the government never argues a harmless error as to this issue. So I know the court can on its own find harmless errors to this issue. But I just want to point out that the government never makes a harmless error argument as to issue number one, that I that I've made with regards to the jury instruction. And then finally, you know, although this is a I frame this as a failure to give a requested jury instruction on a lesser included offense, and that's abuse of discretion, I do point out that this court has said that generally where a lesser included instruction is warranted, that it's generally reversible error, not to provide that instruction, even if there's sufficient evidence in the record to convict. So with that, we would just ask that this case be remanded for a new trial on the 924 c count as to that issue. And then the other relief that we've I have a question on that, even though you haven't orally argued it. You have one of the issues you've raised is ineffective assistance of counsel, correct? Yes, Your Honor. And normally, but not always. We leave that to a 2255 petition. But there is, of course, case law that record was adequate in the district court that we are free to go ahead and decide it. So what just what briefly, what's your position on that? Your Honor, I think that this is one of those unusual cases where not only was there an adequate record made, but almost an exhaustive record made on the issues that were wanting to be raised by Mr. Scott in this case. So I think that the court is sanctioned. I mean, not only was there evidentiary hearings, but the district court actually made a decision on the ineffective assistance of counsel issue. So I think this court's fully empowered to actually make a decision on the merits on those issues. Thank you very much. Thank you. Thank you. And the case shall be submitted.